UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-2060(DSD/SRN)

Jose Alonzo Corpus,

Plaintiff,

v. **ORDER**

Jailer Tony Bennett,

Defendant.

Ross L. Leuning, Esq. and Walbran, Walbran, Furness & Leuning, 140 Main Street East, P.O. Box 273, Owatonna, MN 55060, counsel for plaintiff.

Jon K. Iverson, Esq., Jason J. Kuboushek, Esq. and Iverson & Reuvers, 230 Townline Office Plaza, 8585 78th Street West, Bloomington, MN 55438, counsel for defendant

This matter is before the court upon defendant's motion for summary judgment. For the following reasons, defendant's motion is granted in part and denied in part.

## BACKGROUND

On November 18, 1995, plaintiff was stopped by a Minnesota State Patrol officer for a traffic violation. When a license check indicated an outstanding warrant issued in LeSueur County, Minnesota, plaintiff was arrested and eventually transported to the LeSueur County Jail.

FILED 2-13-03
Richard D. Sletten, CLERK
Judgment Ent d. ______
Deputy Clerk s Initials ______

Upon arriving at the LeSueur County jail, plaintiff was escorted to the jail booking room. Defendant, a jailer at the LeSueur County jail, was on duty when plaintiff arrived. Defendant entered the booking room and instructed plaintiff to empty his pockets and place the contents on the table. While conducting an inventory of plaintiff's personal property, defendant began examining the contents of plaintiff's wallet. Plaintiff asked defendant whether he was allowed to sort through plaintiff's wallet. Defendant responded to plaintiff, "you're f_ _ _ing right." Plaintiff told defendant that there was no reason to swear at him and inquired again whether defendant was permitted to go through his wallet. Defendant again told plaintiff, "You're f_ _ _ing right I can do that." Although plaintiff asked defendant not to swear at him, defendant continued to do so. At some point plaintiff said to defendant, "Well f_ _ _k you, too."

Defendant immediately responded by reaching over the table and striking plaintiff on the head.[1] Plaintiff then took a set of keys from the tabletop and threw them in the direction of defendant. Defendant then came around the table and a struggle ensued. Plaintiff asserts that defendant kneed him in the stomach and struck him repeatedly in the back. Defendant contends that

[1] Plaintiff claims defendant struck him with a closed fist, while defendant claims he merely slapped plaintiff on the top of the head with an open hand. For summary judgment purposes, the court takes as true the facts as alleged by the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

plaintiff forced him against the wall and that the two then wrestled to the ground, with plaintiff landing on top of defendant. The two then separated, returned to their seats and resumed the booking process.

Plaintiff's claims include violations of various civil rights under 42 U.S.C. § 1983, as well as assault, battery, intentional infliction of emotional distress and false arrest under Minnesota law. In addition to a deprivation of his constitutional rights, plaintiff alleges he has suffered physical injuries as a result of plaintiff's actions. Defendant moves for summary judgment on the basis of the statute of limitations governing § 1983 claims and state tort claims, and also on grounds of qualified immunity. For the following reasons, defendant's motion is granted as to plaintiff's tort claims and denied as to plaintiff's § 1983 civil rights claim.

## DISCUSSION

### I. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In order for the moving party

to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)(quoting Fed. R. Civ. P. 56(c)). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252. On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Id. at 322-23.

**II. Assault, Battery, Intentional Infliction of Emotional Distress and False Arrest**

Under the doctrine of supplemental jurisdiction, the federal courts may exercise jurisdiction over pendent state law claims that are so closely related to federal question claims that they form part of the same case or controversy. See 28 U.S.C. § 1367(a). Because state law underpins pendent causes of action, federal

courts exercising supplemental jurisdiction must apply state substantive law principles to those claims. See 19 Wright, et al., Federal Practice and Procedure, Juris.2d § 4520. State statutes of limitation are considered substantive for purposes of pendant jurisdiction. See Guaranty Trust Co. v. York, 326 U.S. 99, 111 (1945). Therefore, the court must apply the applicable Minnesota statute of limitations to plaintiff's pendent claims.

Count II of plaintiff's complaint alleges battery and assault. Count III alleges intentional infliction of emotional distress. Pursuant to Minnesota Statutes section 541.07(1), certain actions in tort must be brought within two years of the time the cause of action arose. The statute specifically includes in its coverage actions based on the intentional torts of assault and battery. Minn. Stat. § 541.07(1). Minnesota courts have determined that section 541.07(1) also applies to the tort of intentional infliction of emotional distress. See Christenson v. Argonaut Ins. Companies, 380 N.W.2d 515, 519 (Minn. Ct. App. 1985).

Plaintiff's cause of action arose on November 18, 1995 and the present action was filed on November 15, 2001. Therefore, plaintiff's tort-based claims are time barred as having been filed beyond the two-year limit established by Minnesota law and summary judgment is appropriate as to those claims.[2]

---

[2] Count I of plaintiff's complaint alleges, *inter alia*, false arrest and detention. The court construes that as a state tort (continued...)

**III. Plaintiff's 42 U.S.C. § 1983 Claim**

**A. Statute of Limitations**

Defendant asks the court to find plaintiff's § 1983 action time barred as well. In essence, defendant seeks a change of law. To clarify its holding in Wilson v. Garcia, 471 U.S. 261 (1985) and resolve an existing split among the circuit courts of appeals, the United States Supreme Court held that when a state has more than one statute of limitations, federal courts considering § 1983 claims must apply the state's broader, residuary personal injury statute, not the more specific statute enumerating particular intentional torts. See Owens v. Okure, 488 U.S. 235, 249-50 (1989). See also Anunka v. Campbell, 13 Fed. Appx. 475, 476, 2001 WL 753786 (8th Cir. 2001); Edgerdahl v. Hibbing Community College, 72 F.3d 615, 618 n. 3 (8th Cir. 1995); Sternjohn v. Kreisler, __ F. Supp. __, 2003 WL 61248 (D. Minn. 2003); Blondheim v. Olmsted County, 2002 WL 31487663 (D. Minn. 2002); Berg v. Groschen, 437 N.W.2d 75, 77 (Minn. Ct. App. 1989)(all following Owens and applying Minnesota's residuary statute of limitations to actions arising under §§ 1982 and 1983). Minnesota's residuary statute of limitations is six years and it applies to "any other injury to the person or rights of another ... not hereinafter enumerated." Minn.

---

[2](...continued)
claim also barred by the applicable statute of limitations. See Minn. Stat. § 541.07.

Stat. § 541.05. The court finds no reason to depart from established precedent in the present case.[3]

Based on the facts shown, the court finds plaintiff's § 1983 claim was brought within the six-year limitations period established by Minnesota law and defendant's motion for summary judgment on that ground is denied.

**B. Qualified Immunity**

Defendant also moves for summary judgment on grounds of qualified immunity. As an initial matter, the court notes that plaintiff claims § 1983 violations of his civil rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution. The Supreme Court has held that, as between specific rights enumerated in the Bill of Rights and those guaranteed by the Fourteenth Amendment, § 1983 claims must be considered in light of the most specific amendment applicable to the facts alleged in the complaint, rather than under the broad substantive due process guarantees of the Fourteenth Amendment. See Graham v. Connor, 490 U.S. 386, 395 (1989).

[3] Defendant cites a number of federal cases applying Minnesota law and holding that the two-year statute of limitations applies to § 1983 claims. See Rhodes v. Northwestern Bell Telephone Co., 709 F. Supp. 162 (D. Minn. 1987); Richard H. v. Clay County, 639 F. Supp. 578 (D. Minn 1986); James W. v. Dakota County, 657 F. Supp 636 (D. Minn. 1986); Arvidson v. City of Mankato, 635 F. Supp. 112 (D. Minn. 1986); Cook v. City of Minneapolis, 617 F. Supp. 461 (D. Minn. 1985). However, those cases pre-date the Supreme Court's decision in Owens and the Eighth Circuit's rulings in Anunka and Edgerdahl.

In the Eighth Circuit, excessive use of force claims arising during pretrial detention are considered under the Fourth Amendment (see Wilson v. Spain, 209 F.3d 713, 715-16 (8th Cir. 2000); Moore v. Novak, 146 F.3d 531, 535 (8th Cir. 1998)), while claims of summary punishment raised by prisoners after conviction implicate the Eighth Amendment (see Wilson, 209 F.3d at 715). Because plaintiff was a pretrial detainee at the time of the alleged violation, the court finds that his only cognizable claim under § 1983 is excessive use of force in violation of the Fourth Amendment. Therefore, the court considers defendant's claim of qualified immunity under the Fourth Amendment reasonableness standard only.

Qualified immunity provides protection from civil liability to government agents performing discretionary functions so long as the challenged actions are objectively reasonable in light of clearly established legal principles. See Anderson v. Creighton, 483 U.S. 635, 638 (1987). Qualified immunity is generally a question of law for the court and because its purpose to shield the official from suit entirely, it should be decided as early in the litigation as possible. See Gainor v. Rogers, 973 F.2d 1379, 1382-83 (8th Cir. 1992)(rehearing and rehearing en banc denied).

Officers are immune from § 1983 claims under the Fourth Amendment if their actions were objectively reasonable. See id. at 1384-85. Where a defendant moves for summary judgment on the basis

of qualified immunity and the facts are not contested, the court must determine first whether the alleged violation rises to the level of a constitutional deprivation.[4] See Saucier v. Katz, 533 U.S. 194, 201 (2001). If the court finds that a constitutional violation is alleged, it must next determine whether the rights alleged to have been infringed were so clearly established that a reasonable officer would know that his conduct violated the law. See id. In other words, the court must ask if the actions taken by defendant are "actions that a reasonable officer could have believed lawful" in light of "clearly established law." Anderson, 483 U.S. at 646 n. 6; Gainor, 973 F.2d at 1384.

The court concludes that defendant's actions in the present matter were not objectively reasonable. The test is objective and a defendant's subjective intentions are irrelevant. See Gainor, 973 F.2d at 1384. The court finds that the exchange of coarse language, initiated in this case by defendant, cannot justify

[4] While certain facts are disputed in the present case, the parties agree to those facts the court finds dispositive of the qualified immunity defense. Plaintiff and defendant agree that: (1) during routine booking, plaintiff questioned the propriety of defendant's search of plaintiff's wallet, (2) defendant swore at plaintiff in response one or more times, (3) plaintiff eventually swore at defendant, (4) in response, defendant struck plaintiff on the head, (5) after defendant struck him, plaintiff threw a ring of keys at defendant, and (6) a brief struggle ensued after plaintiff threw the keys at defendant. While plaintiff and defendant differ on other facts, such as how many times defendant swore at plaintiff and whether defendant struck plaintiff with a closed fist or open hand, those facts are not relevant to the question of qualified immunity.

defendant's initial use of force. The right to be free from excessive force in arrest and pretrial detention is well-established. See Graham v. Connor, 490 U.S. 386, 395 (1989)(applying Fourth Amendment reasonableness requirement and recognizing right to be free from excessive force in police seizures); Guite v. Wright, 147 F.3d 747, 750 (8th Cir. 1998)(holding same); Moore v. Novak, 146 F.3d 531, 535 (8th Cir. 1998)(holding same applied during post-arrest, pre-trial detention). Based on the facts of this case, the court finds that no reasonable officer would initiate a swearing match with a detainee and then believe it lawful to strike the detainee when he responded with the same choice of words. That is simply not the sort of discretionary action qualified immunity serves to protect. See King v. Beavers, 148 F.3d 1031, 1034 (8th Cir. 1998)(noting that, "[q]ualified immunity guards against the injustice of subjecting public officials to damage liability for the good faith performance of discretionary duties they are legally obligated to undertake...").

Defendant contends that there was no violation of a right that was clearly established at the time plaintiff was booked. The court has noted that the right to be free of excessive force while detained is well-established. See Moore, 146 F.3d at 535. Defendant also suggests that his actions were objectively reasonable, pointing out "[i]t is common procedure to use some

degree of force to restrain individuals who have been difficult to manage during the booking process" and that "[plaintiff's] own actions escalated the booking process." [Def.'s Mem. in Support of S. J. at 12.] While each of these statements may be true, neither applies to the facts before the court. Defendant has not alleged that he swore at and struck plaintiff because plaintiff was difficult to manage. Therefore, no amount of force was necessary to restrain plaintiff. Similarly, while plaintiff's decision to throw the keys at defendant in response to being hit on the head might be deemed an escalation of the confrontation, it does not justify defendant's striking of plaintiff in the first instance.

Defendant asks the court to consider the reasonableness of his conduct after plaintiff threw the keys, correctly noting that "police officers are often forced to make split-second judgments-- in circumstances that are tense, uncertain, and rapidly evolving-- about the amount of force that is necessary in a particular situation...."[5] Saucier, 533 U.S. at 205. However, it is clear from defendant's own statement of the facts that no amount of force

[5] The court acknowledges that § 1983 was not meant to create "a font of tort law" to remedy every tort committed by a government employee and that "'not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' violates the Fourth Amendment." See Gregory v. City of Rogers, Ark., 974 F.2d 1006, 1009 (8th Cir. 1992); Graham, 490 U.S. at 396 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1972)). However, the question before the court on the motion is qualified immunity, not ultimate liability under § 1983. The court concludes that the kind of gratuitous physical abuse of a detainee alleged in this case cannot be deemed objectively reasonable as a matter of law.

was called for until *after* he struck plaintiff. Therefore, defendant's motion for summary judgment on the grounds of qualified immunity is denied.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment [Docket No. 17] is granted in part and denied in part. Defendant's motion is granted as to Counts II, III and IV of the complaint and those counts are dismissed with prejudice. Defendant's motion for summary judgment is denied as to Count I.[6]

Dated: February 13, 2003

David S. Doty, Judge
United States District Court

[6] The court also grants defendants' motion as to the claims of Eighth and Fourteenth Amendment civil rights violations and false arrest and detention raised in Count I. Therefore, plaintiff's cause of action is limited to the claim of a § 1983 violation of his Fourth Amendment right to be free of excessive use of force while in pretrial detention.