UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-2060(DSD/SRN)

---

Jose Alonzo Corpus,

Plaintiff,

v.

**THE COURT'S INSTRUCTIONS TO THE JURY**

Tony Bennett,

Defendant.

---

INSTRUCTION NO. 1

MEMBERS OF THE JURY:

Now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the court as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Counsel have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the court in these instructions, you of course are to be governed by the court's instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the

evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Devitt, Blackmar and Wolff (4th ed.) § 71.01

INSTRUCTION NO. 2

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

Devitt, Blackmar and Wolff (4th ed.) § 71.03

INSTRUCTION NO. 3

Statements and arguments of counsel are not evidence in the case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard the fact as proved.

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated.

Any evidence as to which an objection was sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded.

Devitt, Blackmar and Wolff (4th ed.) § 71.08 (modified)

INSTRUCTION NO. 4

If a lawyer asks a witness a question which contains an assertion of fact, you may not consider the assertion as evidence of that fact unless the witness agrees.

Devitt, Blackmar and Wolff (4th ed.) § 71.12 (modified)

INSTRUCTION NO. 5

The burden is on the plaintiff in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence. If the proof should fail to establish any essential element of the plaintiff's claim by a preponderance of the evidence in the case, the jury should find for the defendant as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Devitt, Blackmar and Wolff (4th ed.) § 72.01

INSTRUCTION NO. 6

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

Devitt, Blackmar and Wolff (4th ed.) § 72.02

INSTRUCTION NO. 7

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence -- such as the testimony of an eyewitness. The other is indirect or circumstantial evidence -- the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

Devitt, Blackmar and Wolff (4th ed.) § 72.03

INSTRUCTION NO. 8

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

Unless and until outweighed by evidence in the case to the contrary, you may find that official duty has been regularly performed; that private transactions have been fair and regular; that the ordinary course of business or employment has been followed; that things have happened according to the ordinary course of nature and the ordinary habits of life; and that the law has been obeyed.

Devitt, Blackmar and Wolff (4th ed.) § 72.04

INSTRUCTION NO. 9

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state their opinions as to relevant and material matters, in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

Devitt, Blackmar and Wolff (4th ed.) § 72.08

INSTRUCTION NO. 10

The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

Devitt, Blackmar and Wolff (4th ed.) § 72.14

INSTRUCTION NO. 11

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Devitt, Blackmar and Wolff (4th ed.) § 73.11

INSTRUCTION NO. 12

You, as jurors, are the sole judges of the believability of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive and state of mind, and demeanor or manner while on the stand. Consider the witness's ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an accident or a transaction may see or hear it

differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

You may, in short, accept or reject the testimony of any witness in whole or in part.

Devitt, Blackmar and Wolff (4th ed.) § 73.01 (modified)

INSTRUCTION NO. 13

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something which is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such weight, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars and you may reject all the testimony of that witness or give it such weight as you may think it deserves.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Devitt, Blackmar and Wolff (4th ed.) § 73.04

INSTRUCTION NO. 14

Evidence that at some other time a witness, not a party to this action, has said or done something which is inconsistent with the witness's testimony at the trial, may be considered for the sole purpose of judging the believability of the witness but may never be considered as evidence of proof of the truth of any such statement, unless you find that the witness made such statement at his or her deposition under oath.

Where, however, the witness is a party to the case, and by such statement, or other conduct, admits some fact or facts against his interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the believability of the party as a witness.

Devitt, Blackmar and Wolff (4th ed.) § 73.09 (modified); Fed. R. Evid. 801(d)(1)(A)

INSTRUCTION NO. 15

In this case, the plaintiff claims damages he allegedly sustained as the result of a deprivation, under color of state law, of a right secured to him by the Constitution of the United States and by a federal statute protecting the civil rights of all persons within the United States.

Specifically, the plaintiff alleges that while acting under color of the authority of the State of Minnesota as a member of the LeSueur County Sheriff Department, the defendant subjected the plaintiff to a deprivation of rights and privileges secured by the Constitution and laws of the United States, namely the Constitutional right to be free from the excessive use of force against his person during the course of a detention.

Devitt, Blackmar and Wolff (4th ed.) § 103.01 (modified)

INSTRUCTION NO. 16

The federal civil rights act under which plaintiff brings this suit was enacted by Congress to enforce the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment to the Constitution provides that:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

You are instructed as a matter of law that under the Constitution of the United States every citizen has the right not to be subjected to excessive force while being detained by a law enforcement officer, even though such detention is otherwise in accordance with due process of law.

You are further instructed that the federal civil rights statute under which the plaintiff sues provides that a person may seek relief in this court by way of damages against any person or persons who, under color of any state law or custom, subjects such a person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

Devitt, Blackmar and Wolff (4th ed.) § 103.02 (modified)

INSTRUCTION NO. 17

In order to prove his claim, the burden is on the plaintiff to establish by a preponderance of the evidence each of the following elements:

*First:* That the defendant performed an act or acts which operated to deprive the plaintiff of one or more of his federal Constitutional rights, as defined and explained by these instructions, by using excessive force upon the plaintiff during the course of his detention.

*Second:* That the defendant then and there acted under color of the authority of the State of Minnesota.

*Third:* That an act or acts of the defendant were the direct cause of damages sustained by the plaintiff.

In this case, plaintiff and defendant agree that defendant acted under color of state law at the time of the incident at the LeSueur County jail. Therefore, you must consider the second element proven.

Devitt, Blackmar and Wolff (4th ed.) § 103.03 (modified)

INSTRUCTION NO. 18

Intent is not an element of plaintiff's case. Plaintiff need not prove that the defendant intended to deprive plaintiff of his rights. The fact that the defendant had no specific intent or purpose to deprive plaintiff of his civil rights will not absolve the defendant from liability if he did in fact deprive plaintiff of plaintiff's rights.

Yagman and Lewis, Police Misconduct and Civil Rights: Federal Jury Practice and Instructions § 6-1.14 (2d ed. 2002); Graham v. Connor, 490 U.S. 386, 398-99 (1989).

INSTRUCTION NO. 19

An injury or damage is directly caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

Devitt, Blackmar and Wolff (4th ed.) § 80.18 (modified)

INSTRUCTION NO. 20

This does not mean that the law recognizes only one direct cause of an injury or damage, consisting of only one factor or thing, or the conduct of only one person. On the contrary, many factors or things, or the conduct of two or more persons, may operate at the same time, either independently or together, to cause injury or damage; and in such a case, each may be a direct cause.

Devitt, Blackmar and Wolff (4th ed.) § 80.19 (modified)

INSTRUCTION NO. 21

Plaintiff claims that he was subjected to excessive force by the defendant in effecting his detention. In effecting a lawful detention, a law enforcement officer has the right to use such force as is necessary under the circumstances to effect the detention. Whether or not the force used in making a detention was unreasonable is a question to be determined by you in light of all the evidence received in the case. In determining whether the force used was excessive, you must consider such factors as the need for the application of force, the relationship between the need and the force that was used, the extent of the injury inflicted and whether it was used for punishment or to achieve a legitimate purpose. You must determine the degree of force a reasonable and prudent officer would have applied in effecting the detention under the circumstances shown from the evidence received in this case.

The legality of the plaintiff's arrest on November 18, 1995 is not in dispute in this case.

Devitt, Blackmar and Wolff (4th ed.) § 103.08 (2000 update) (modified)

INSTRUCTION NO. 22

The plaintiff alleges that by reason of his claimed injuries, directly resulting from the defendant's excessive use of force, he has sustained damages.

These allegations are not evidence, of course, but merely the extent of the plaintiff's claims, and must not be considered by you as evidence in the case.

If you find in favor of the plaintiff, then you should award plaintiff such sum as you believe will fairly and justly compensate plaintiff for any damages you believe he sustained and is reasonably certain to sustain in the future as a direct result of the occurrence mentioned in the evidence.

You should consider the following elements of damage, to the extent that you find them proved by a preponderance of the evidence, and no others:

1. Injury, pain, disability, emotional suffering, including mental anguish, embarrassment and other emotional harm, and loss of capacity for enjoyment of life;

2. Medical expenses for care and treatment of plaintiff;

3. Lost wages and lost future earning capacity; and

4. Nominal damages,

each in accordance with these instructions.

Devitt, Blackmar and Wolff (4th ed.) § 85.01 (modified)

INSTRUCTION NO. 23

If you find for plaintiff you should compensate him for any bodily injury and any resulting pain and suffering experienced in the past and which you find from the evidence he is reasonably certain to suffer in the future from the injury in question. No evidence of the value of such intangible things as mental or physical pain and suffering has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the plaintiff for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. Any such award should be fair and just in light of the evidence.

Devitt, Blackmar and Wolff (4th ed.) § 85.02 (modified)

INSTRUCTION NO. 24

If your verdict is for plaintiff it should include the reasonable expense of hospitalization and medical care and treatment necessarily or reasonably obtained by the plaintiff.

Devitt, Blackmar and Wolff (4th ed.) § 85.04 (modified)

INSTRUCTION NO. 25

It is the duty of any person who has been injured to use reasonable diligence and reasonable means under the circumstances, in order to prevent the aggravation of such injuries and to effect a recovery from such injuries.

Devitt, Blackmar and Wolff (4th ed.) § 85.13

INSTRUCTION NO. 26

Damages must be reasonable. If you should find that the plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate him for such injury and damage as you find, from a preponderance of the evidence in the case, that he has sustained as a direct result of the excessive use of force by the defendant.

You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

Devitt, Blackmar and Wolff (4th ed.) § 85.14

INSTRUCTION NO. 27

If you find that plaintiff is entitled to a verdict in accordance with these instructions, but do not find that the plaintiff has sustained substantial damages, then you may return a verdict for plaintiff in some nominal sum such as one dollar.

Devitt, Blackmar and Wolff (4th ed.) § 85.18

INSTRUCTION NO. 28

The fact that I have instructed you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

Devitt, Blackmar and Wolff (4th ed.) § 74.02

INSTRUCTION NO. 29

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your own deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Devitt, Blackmar and Wolff (4th ed.) § 74.01

INSTRUCTION NO. 30

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in court. A form of special verdict has been prepared for your convenience. You will take this form to the jury room.

[**Form of special verdict read.]**

You will note that some of the questions call for a "Yes" or "No" answer. The answer to each question, whether it calls for a "Yes" or "No" answer, must be the unanimous answer of the jury. Your foreperson will mark the unanimous answer of the jury in the space provided under each question. You will note that some questions do not require a "yes" or "no" answer, but require you to fill in a dollar amount. As with the other questions, your answer to these questions must be the unanimous answers of the jury. After you have completed answering the questions, the foreperson will then date and sign the special verdict as so completed; and you will then return with it to the courtroom.

Devitt, Blackmar and Wolff (4th ed.) § 74.05

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-2060(DSD/SRN)

Jose Alonzo Corpus,

Plaintiff,

v. **SPECIAL VERDICT FORM**

Tony Bennett,

Defendant.

We, the jury in the above entitled action, return the following answers to the questions presented to us:

1. Did defendant Tony Bennett use excessive force upon plaintiff Jose Corpus on November 18, 1995?

Yes ______ No ______

**Note**: If you answered "yes" to Question 1, please continue completing the Special Verdict Form. If you answered "no" to Question 1, **do not** proceed further. Have your foreperson sign and date this Special Verdict Form, as you have completed your deliberations.

2. If your answer to Question No. 1 was "yes," then answer this question: Was the use of excessive force by defendant Tony Bennett a direct cause of injuries to plaintiff Jose Corpus?

Yes ______ No ______

**Note**: If you answered "yes" to Question 2, please skip Question 3 and proceed to Question 4. If you answered "no" to Question 2, please answer Question 3.

3. If defendant Tony Bennett's use of excessive force was not a direct cause of substantial injuries to plaintiff Jose Corpus, what nominal sum of money will fairly and adequately compensate plaintiff Jose Corpus for the deprivation of his constitutional rights?

$____________________

**Note:** If you answered Question 3, do not answer Questions 4 and 5. Have your foreperson sign and date this Verdict Form as you have concluded your deliberations.

4. If you answered "yes" to Question 2, what sum of money will fairly and adequately compensate plaintiff Jose Corpus for the injuries he claims to have sustained on November 18, 1995, up through the date of trial, for:

(a) past pain, disability and emotional distress?

$____________________

(b) past medical expenses?

$____________________

(c) past lost wages?

$____________________

5. What sum of money will fairly and adequately compensate plaintiff Jose Corpus for the injuries he claims to have sustained on November 18, 1995, for such future damages as are reasonably certain to occur:

(a) future pain, disability and emotional distress?

$____________________

(b) future medical expenses?

$____________________

(c) lost earning capacity?

$____________________

Dated: May ____, 2004

__________________________________
(Foreperson)

INSTRUCTION NO. 31

It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

Devitt, Blackmar and Wolff (4th ed.) § 74.07

INSTRUCTION NO. 32

If it becomes necessary during your deliberations to communicate with the court, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with the court by any means other than a signed writing, and the court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

You will note from the oath about to be taken by the bailiff that he too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person -- not even to the court -- how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

Devitt, Blackmar and Wolff (4th ed.) § 74.08