UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-2060(DSD/SRN)

Jose Alonzo Corpus,

Plaintiff,

v. **ORDER OF JUDGMENT AND REMITTITUR**

Tony Bennett,

Defendant.

Ross L. Leuning, Esq. and Walbran, Walbran, Furness & Leuning, 140 Main Street East, P.O. Box 273, Owatonna, MN 55060, counsel for plaintiff.

Jon K. Iverson, Esq., Jason J. Kuboushek, Esq. and Iverson & Reuvers, 230 Townline Office Plaza, 8585 78th Street West, Bloomington, MN 55438, counsel for defendant.

This matter is before the court upon its own motion. For the following reasons, the jury's award in this matter is remitted and judgment is ordered against defendant and in favor of plaintiff in the amount of one dollar ($1.00).

## BACKGROUND

Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that defendant, a county jailer, violated his constitutional right to be free from the use of excessive force. Following trial, the jury found by special verdict that defendant used excessive force when detaining plaintiff. (Sp. Verdict Form ¶ 1.) However, the jury also found that defendant's conduct was not a direct cause of injury to plaintiff. (Id. ¶ 2.) The

special verdict form instructed the jury that if it found defendant used excessive force but did not cause substantial injury to plaintiff, it should answer the question "what nominal sum of money will fairly and adequately compensate plaintiff for the deprivation of his constitutional rights?" (Id. ¶ 3.) The jury awarded plaintiff the sum of $75,000.

## DISCUSSION

### I. Damages Under § 1983

Compensatory damages cannot be awarded for a violation of a constitutional right absent proof of actual injury. Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299, 308 (1986). "Whatever the constitutional basis for § 1983 liability, such damages must always be designed 'to compensate injuries caused by the [constitutional] deprivation.'" Id. at 309 (quoting Carey v. Piphus, 435 U.S. 247, 265 (1978) (brackets in original)). In short, "the abstract value of a constitutional right may not form the basis of § 1983 damages." Id. at 308.

Nonetheless, it is possible for an official's use of excessive force to violate an individual's constitutional rights without causing substantial injury. See Westcott v. Crinklaw, 133 F.3d 658, 661 (8th Cir. 1998); see also Foulk v. Charrier, 262 F.3d 687, 701 (8th Cir. 2001) (holding same in Eighth Amendment context). For that reason, an instruction on nominal damages

permits the jury to "vindicate constitutional rights whose deprivation has not caused an actual, provable injury." Westcott, 133 F.3d at 661 (citing Second and Seventh Circuit cases holding same). Nominal damages provide a means to recognize important rights while "'remain[ing] true to the principle that substantial damages should be awarded only to compensate actual injury.'" Farrar v. Hobby, 506 U.S. 103, 112 (1992) (quoting Carey, 435 U.S. at 266).

## II. The Charge to the Jury

The court instructed the jury that direct cause of injury is a necessary element of plaintiff's claim. (Instr. No. 17.) The phrase "direct cause" was defined in the instructions. (Instr. Nos. 19 & 20.) The jury was instructed to consider "the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others...." (Instr. No. 22.) The elements of damage the jury was to consider were injury, pain, disability, emotional suffering, mental anguish, embarrassment and other emotional harm; medical expenses, lost wages and future earning capacity; and nominal damages. (Id.) The jury was instructed to award only such damages as were a direct result of defendant's use of excessive force. (Instr. No. 26.) Finally, the jury was told to award nominal damages if it found that defendant used excessive force but did not directly cause injury to plaintiff. (Instr. No. 27.)

After finding that defendant used excessive force but did not cause injury to plaintiff, the jury awarded "nominal" damages of $75,000. (Sp. Verdict Form ¶¶ 2-3.) While the word nominal was not expressly defined in the instructions, the jury was told to "return a verdict for plaintiff *in some nominal sum such as one dollar*" if plaintiff's constitutional rights had been violated without other injury.[1] (Instr. No. 27, emphasis added.) An award of $75,000 is not nominal. See, e.g., Lincoln v. Case, 340 F.3d 283, 292 n.6 (5th Cir. 2003) (noting that an award of $500 is "much greater than a typical nominal damages award").

**III. Remittitur**

When an award demonstrably exceeds the amount of damages proved at trial, the court is required to remit the award to the maximum amount sustained by the evidence.[2] Ogilvie v. Fotomat

---

[1] The special verdict form allowed for three possible outcomes: a verdict in favor of defendant, a verdict for plaintiff awarding only nominal damages, or a verdict for plaintiff with an award of damages for actual injuries proved. (Sp. Verdict Form ¶¶ 1-5 and notes following.)

[2] In some cases, the reduction of an award implicates a plaintiff's Seventh Amendment right to trial by jury. In such cases, remittitur orders are conditional and give plaintiffs a choice between the reduced award and a new trial. See U.S. Const. amend. VII; Thorne v. Welke Inv., Inc., 197 F.3d 1205, 1212 (8th Cir. 1999). However, not every reduction of an improper award requires a conditional order. For example, the trial court may remit without giving a plaintiff the option of a new trial where the reduction simply brings the award into conformity with constitutional limits. Ross v. Kansas City Power & Light Co., 293 (continued...)

Corp., 641 F.2d 581, 586 n.13 (8th Cir. 1981); see also Linn v. United Plant Guard Workers of Am., Local 114, 383 U.S. 53, 65-66(1966) (noting court's "duty" to remit excessive damages). The award in this case far exceeds the damages proven at trial. The jury found that plaintiff was deprived of a constitutional right but sustained no actual injury.[3] (Sp. Verdict Form ¶¶ 2-3.) Because plaintiff suffered only an abstract harm, he is entitled to nominal damages and nothing more. Stachura, 477 U.S. at 308. While the phrase "nominal damages" does not specify an exact amount, it denotes a "trifling sum awarded when a legal injury is suffered but when there is no substantial loss or injury to be compensated." Black's Law Dictionary (7th ed. 1999). The jury's award grossly exceeds the damages proven at trial and it is

---

[2] (...continued)
F.3d 1041, 1049 (8th Cir. 2002). The correction of a verdict that is contrary to law is mandatory and does not require the court's exercise of discretion. See id. at 1049 (citing Johansen v. Combustion Eng'g, Inc., 170 F.3d 1320, 1331 (11th Cir. 1999)). In that case, the court is not substituting its judgment for that of the jury, and therefore the option of a new trial is unnecessary. This is such a case, because the court need only apply the law to the facts as found by the jury to correct the nominal award.

[3] Having heard the testimony of the witnesses and observed the evidence adduced at trial, the court concludes that the jury's finding of excessive force is supported by a legally sufficient evidentiary basis. Accordingly, defendant's oral motion for judgment as a matter of law is denied. See Fed. R. Civ. P. 50. Similarly, the jury's finding that plaintiff failed to prove actual damages by a preponderance of the evidence was reasonable and proper.

contrary to law. The court therefore remits the award to the nominal sum of one dollar ($1.00).

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. The jury's award of $75,000 is remitted.

2. Judgment be entered against defendant and in favor of plaintiff in the amount of one dollar ($1.00).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 25, 2004

s/David S. Doty
David S. Doty, Judge
United States District Court