UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jose Alonzo Corpus,

Plaintiff,

vs.

Tony Bennett,

Defendant.

Case No. CV 01-2060 DSD/SRN

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR NEW TRIAL**

---

## INTRODUCTION

Plaintiff has brought a motion for new trial and judgment as a matter of law claiming the Jury's Special Verdict Finding #2 is contrary to the evidence and because of the admission of "prejudicial testimony." Plaintiff's motion should be denied because causation is generally a jury question. Furthermore, the evidence of Plaintiff's other altercations with law enforcement and his wife was not prejudicial. Rather it related directly to Plaintiff's claimed injuries and restrictions. It was also cross examination with respect to claims and explanations made by Plaintiff on direct examination.

## FACTS OF INCIDENT

On November 18, 1995, Jose Corpus was stopped by a State Patrol Officer for speeding. There was a valid warrant for his arrest. Corpus was ultimately transported to the LeSueur County Jail at approximately 3:00 a.m., and taken to the jail booking room. Jailer Tony Bennett booked Corpus and told him to take everything out of his pockets. Corpus put his property on the desk and Jailer Bennett began inventorying Corpus' personal property. During the process,

words were exchanged and Bennett reached over the desk and struck Corpus on top of his head. Jailer Bennett called it a slap; Corpus testified it was a closed fist strike. Regardless, no injuries were sustained from it. Corpus immediately grabbed a heavy set of keys, stood up and threw them at Jailer Bennett. Jailer Bennett grabbed Corpus and pushed him against the wall. Through disputed testimony, the two ended up on the floor. Corpus stood up while Jailer Bennett was still on the floor. Jailer Bennett picked himself up off the floor and Corpus sat back down in his seat. Jailer Bennett completed the booking process. Bennett immediately apologized for losing his temper.

On May 12, 13, 17, and 18 a jury trial was held before this court. Corpus alleged substantial physical and emotional injuries from the incident. He testified he is limited in employment because of a permanent back injury he claimed happened on November 18, 1995. The jury disagreed with him. On May 19th, the jury returned a verdict. The jury determined Defendant Bennett had used excessive force on November 18, 1995, however, the excessive force was not a direct cause of damages to Jose Corpus. The jury awarded Jose Corpus $75,000.00 in nominal damages. On May 25, 2004, this Court, upon it own motion, remitted the jury's award and ordered judgment against Bennett and in favor of Corpus in the amount of one dollar.

## ARGUMENT

### I. PLAINTIFF IS NOT ENTITLED TO A NEW TRIAL.

Federal Rule of Civil Procedure 59, entitled "New Trials; Amendment of Judgments," states, in relevant part, as follows:

> (a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts in the United States....

Fed. R. Civ. P. 59(a). Regarding motions for new trial under Federal Rule of Civil Procedure 59, the Eighth Circuit Court of Appeals in *White v. Pence*, 961 F.2d 776 (8th Cir.1992) observed:

> With respect to motions for new trial on the question of whether the verdict is against the weight of the evidence, we have stated: "In determining whether a verdict is against the weight of the evidence, the trial court can rely on its own reading of the evidence--it can 'weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain a verdict.' " *Ryan v. McDonough Power Equip.*, 734 F.2d 385, 387 (8th Cir.1984) (citation omitted). Similar language appears in *Brown [ex rel. Brown v. Syntex Labs., Inc.]*, 755 F.2d [668,] 671-73 [ (8th Cir.1985) ]; *Slatton [v. Martin K. Eby Constr. Co.]*, 506 F.2d [505], 508 n. 4 [ (8th Cir.1974), *cert. denied*, 421 U.S. 931, 95 S.Ct. 1657, 44 L.Ed.2d 88 (1975) ]; *Bates [v. Hensley]*, 414 F.2d [1006], 1011 [ (8th Cir.1969) ], and early authority cited in *Bates. See also Leichihman v. Pickwick Int'l*, 814 F.2d 1263, 1266 (8th Cir.), *cert. denied*, 484 U.S. 855, 108 S.Ct. 161, 98 L.Ed.2d 116 (1987). These cases establish the fundamental process or methodology to be applied by the district court in considering new trial motions and are in contrast to those procedures governing motions for j.n.o.v.

*Id*. at 780. Thus, the court in *Pence* concluded the district court may grant a new trial on the basis the verdict is against the weight of the evidence, if the first trial results in a miscarriage of justice. *Id.; see also Ogden v. Wax Works, Inc*., 214 F.3d 999, 1010 (8th Cir.2000) (stating a motion for new trial should only be granted if the jury's verdict was against the great weight of the evidence so as to constitute a miscarriage of justice) (citation omitted).

Here, the jury's verdict was not against the great weight of the evidence so as to constitute a miscarriage of justice. There was substantial testimony concerning the number of hours worked by Mr. Corpus in the years prior to the trial and other possible causes for his purported back injury and emotional distress. Mr. Corpus testified he worked over 8,000 hours in the four years following the incident. He also testified he had brought between three and five other lawsuits claiming emotional distress. Mr. Corpus tried to distinguish these emotional distress claims, but his prior deposition testimony belies his attempt. The jury did not believe Mr. Corpus.

Other witnesses' testimony also supported the jury's findings. Dr. Gomez, Mr. Corpus' treating doctor, testified Mr. Corpus' MRI showed Schmorl's Nodes. He admitted these Nodes are associated with juvenile discogenic disease. Furthermore, Dr. Gomez admitted no doctor prior to 1999 had ever linked Mr. Corpus' back injury to the 1995 incident involving Mr. Bennett. Dr. Gomez also talked about Mr. Corpus' work history. When learning for the first time on cross-examination that Mr. Corpus worked over 8,000 hours after the incident, he testified "That's a lot of hours." Based on this testimony, a jury could have and did properly determine Mr. Corpus' alleged injuries were not related to the November 18, 1995, incident.

Michael Taggart, Mr. Corpus' family therapist, testified Mr. Corpus' history of bringing lawsuits and suing for emotional damages may evidence a sense of despondency. Furthermore, in treating Mr. Corpus, Mr. Taggart relied on Dr. Fountain's notes which stated "Jose's experience with the police may culminate a long series of disappointments and feelings of either abandonment or rejection that has an accumulative effect over his life." Clearly this evidence shows Mr. Corpus' alleged injuries were not related to the incident.

Therefore, contrary to Mr. Corpus' belief, there was medical evidence "submitted that contradicted a connection between the back injury suffer [sic] to Mr. Corpus and the incident." The jury had to weigh the testimony submitted by Mr. Corpus regarding the extent of the incident and the testimony of the medical personnel. Ultimately, the jury correctly determined Mr. Corpus' injuries were not caused by the incident with Mr. Bennett. Similarly, this Court correctly determined "the jury's finding that plaintiff failed to prove actual damages by a preponderance of the evidence was reasonable and proper." *Order of Judgment and Remittitur*, fn 3.

Furthermore, the fact Mr. Corpus paid medical bills does not "clearly and unequivocally establish Mr. Corpus suffered an injury at the hands of Defendant." *Plaintiff's Memorandum of Law, p. 2.* None of the bills stated they were for treatment of injuries caused by the November 18, 1995, incident. Nor did any medical personnel testify the bills were for injuries caused by the incident. Therefore, the medical bills do not support Mr. Corpus' request for a new trial.

Lastly, the Eighth Circuit has recognized it is possible for an official to violate an individual's constitutional rights without causing a substantial injury. *See Westcott v. Crinklaw*, 133 F.3d 658, 661 (8th Cir. 1998); *see also Foulk v. Charrier*, 262 F.3d 687, 701 (8th Cir. 2001) (holding same in Eighth Amendment context). That is exactly what happened here. The jury clearly determined a slap on the head was wrong, but the force used to control Mr. Corpus after he threw a heavy set of keys was reasonable.

Mr. Corpus is unable to show the "verdict is against the weight of the evidence." Mr. Corpus' Motion for New Trial based upon an inconsistent verdict must be denied.

Mr. Corpus' Motion for New Trial based upon the admission of alleged prejudicial testimony must also be denied. Mr. Corpus' claims the admission of testimony relating to his interactions with several different law enforcement agencies did not support or demonstrate any of Mr. Corpus' functional inabilities. This is simply not supported by the evidence.

Mr. Corpus claimed all of his medical and emotional problems were caused by Mr. Bennett, yet he sued employers and other law enforcement agencies claiming physical and emotional distress. He claimed his marriage ended because of his problems with Mr. Bennett, but he did not tell his therapist about fathering a child with another woman during the marriage. Corpus brought up the Maverick County incident on direct examination. He testified two or three times he was acquitted of an incident in 2002, but the undisputed record established he was

not. Sure it was prejudicial – bad facts always are, but one cannot claim all of life's problems are cause by an incident happening five years and 362 days before a lawsuit was filed without knowing a jury will hear about other issues.

Mr. Corpus' treating doctors indicated these incidents could affect his back and his emotional status. Furthermore, during the July 2002 incident, Mr. Corpus admitted to the Faribault Police Officers he could work, but chose not to. It also took three law enforcement officers to wrestle Mr. Corpus and his bad back to the ground during this incident. Clearly, this testimony was relevant to Mr. Corpus' claims, injuries and alleged damages. Therefore, his Motion for New Trial should be denied.

## II. PLAINTIFF IS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.

Rule 50 of the Federal Rules of Civil Procedure outlines the standards for a motion for judgment as a matter of law. In reviewing a motion for judgment as a matter of law the court is required to:

> consider the evidence in the light most favorable to the prevailing party, assume that the jury resolved all conflicts of evidence in favor of that party, assume as true all facts which the prevailing party's evidence tended to prove, give the prevailing party the benefit of all favorable inferences which may reasonably be drawn from the facts, and deny the motion, if in light of the foregoing, reasonable jurors could differ as to the conclusion that could be drawn from the evidence.

*Minneapolis Community Development Agency v. Lake Calhoun Associates*, 928 F.2d 299, 300 (8th Cir.1991) (*quoting Atlas Pile Driving Co. v. DiCon Fin. Co.*, 886 F.2d 986, 989 (8th Cir.1989)); *see also Ryther v. KARE 11*, 108 F.3d 832, 836 (8th Cir.), *cert. denied*, 521 U.S. 1119, 117 S.Ct. 2510, 138 L.Ed.2d 1013 (1997). "Post-verdict judgment as a matter of law is appropriate only when the evidence is entirely insufficient to support the verdict." *Top of Iowa Co-op. v. Schewe*, 324 F.3d 627, 633 (8th Cir.2003) (citations omitted); *see also Manus v. American Airlines, Inc.*, 314 F.3d 968, 972 (8th Cir.2003) (" 'Judgment as a matter of law is

appropriate only when all of the evidence points one way and is susceptible of no reasonable inference sustaining the position of the nonmoving party.' ") (*quoting Belk v. City of Eldon*, 228 F.3d 872, 877 (8th Cir.2000)). It is imperative that while the court is required to draw all reasonable inferences in favor of the nonmoving party, the court may not "make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 135, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). The jury verdict is accorded substantial deference, *see Tilson v. Forrest City Police Dep't*, 28 F.3d 802, 806 (8th Cir.1994), *cert. denied,* 514 U.S. 1004, 115 S.Ct. 1315, 131 L.Ed.2d 196 (1995), and must be affirmed " 'unless viewing the evidence in the light most favorable to the prevailing party, [the court] concludes that a reasonable jury could have not found for that party.' " *Stockmen's Livestock Mkt., Inc. v. Norwest Bank of Sioux City*, 135 F.3d 1236, 1240-41 (8th Cir.1998) (*quoting Chi. Title Ins. Co. v. Resolution Trust Corp.,* 53 F.3d 899, 904 (8th Cir.1995)).

Here, Mr. Corpus is not entitled to judgment as a matter of law because the medical testimony does not support a connection between the alleged back injury and the November 18, 1995, incident. As stated above, the testimony from the treating doctors supported the jury's verdict. Lastly, Mr. Corpus' request for judgment as a matter of law would require the Court to overturn footnote 3 of its Order of Judgment and Remittitur. Therefore, Mr. Corpus' Motion for Judgment as a Matter of Law should be denied.

## **CONCLUSION**

Mr. Bennett respectfully requests the Court deny Mr. Corpus' Motion for New Trial and Motion for Judgment as a Matter of Law because the evidence submitted at trial supports the jury's verdict and because the evidence concerning Mr. Corpus' interactions with other law enforcement agencies was not prejudicial.

Dated: June 16, 2004.

IVERSON REUVERS, LLC

By__s/ Jason J. Kuboushek__________

Jon K. Iverson, I.D. #146389
Jason J. Kuboushek, I.D. #0304037
Attorneys for Defendant
9321 Ensign Avenue South
Bloomington, MN 55438
(952) 548-7200