U. S. COURT OF APPEALS - EIGHTH CIRCUIT
APPELLANT'S FORM A
Appeal Information Form
To be filed with the Notice of Appeal

Appeal Docket No. ____________

STYLE OF CASE: CV

Jose Alonzo Corpus

Appellant/Appellee,

vs.

Tony Bennet

Appellant/Appellee.

COUNSEL: NAME, ADDRESS, AND TELEPHONE NUMBER

Jose Alonzo Corpus
1325 Summer Lane
Faribault, MN
55021

COUNSEL: NAME, ADDRESS AND TELEPHONE NUMBER

Jon Iverson and Jason Kuboushek
9321 Ensign Ave. South
Bloomintony, MN 55438

LIST ISSUES ON APPEAL (For administrative purposes). You may indicate that this also serves as your statement of issues under FRAP 10(b)(3). (✓) Yes. ( ) No.

Please see Attachment.

SCANNED
JUN 28 2004
U.S. DISTRICT COURT MPLS

FOR LEAD COUNSEL ONLY
I ___ have (✓ have not) discussed settlement possibilities on appeal with my client.
This appeal ___ is (___ is not) amenable to settlement.

Submitted by: Jose alonzo Corpus 6.25.04
Signature of Lead Counsel Date

INSTRUCTIONS:

Filing of appellant's Form A is required to be submitted to the Clerk of the District Court with the Notice of Appeal (8 Cir. Rule 3B).
If inadvertently omitted, appellant may file Form A directly with the Clerk of the Court of Appeals before appeal is docketed.
Forms are available at the District Court Clerk's Office and may also be obtained electronically at: www.ca8.uscourts.gov

Copy 1 - White - Send to Appellee (together with an uncompleted Form B)
Copies 2 & 3 - Canary & Pink - Send to Clerk, District Court with Notice of Appeal or Eighth Circuit (see above)
Copy 4 - Goldenrod - Retain

Form A Issues on Appeal.

1. Damage Under 1983.

Medical evidence and depositions of Dr. Gomez as well deposition of Dr. Olmonson do relate and found casual connection that the injuries I sustained are the direct cause of violations to my eighth constitutional amendment right. And yes, I have proved the basis to form 1983 damage. And yes, substantial injury was the cause used by the excessive use of force used against me. No evidence was presented or submitted by defendant that contradicted the casual connection of the November 18, 1995 incident at the hands of jailer Tony Bennet. Substantial injury is found and new trial is the proper remedy in this case.

2. The Charge of the jury.

The confusion of the jury has already been admitted by the court, in such case the jury misunderstood and misapplied the entire instructions given to them, specially the instructions regarding casual connection and damages. In this case the jury awarded nominal damages and the words nominal damages does not expressly defines an exact amount in dollars. So nominal damages may be greater than one dollar. I believe my constitutional rights have a greater value than one dollar. The Judge also admits that words that came out of him did express "nominal damages" such sum as one dollar may be awarded, but he did not express the limit of nominal damages that may be awarded to the jury. To correct the Judge and the jury, the proper remedy is to grant a new trial and new trial it is necessary to assure that justice is practice fairly.

3. Remitittur.

Rimitittur is not the proper remedy when doubt exists. In this case the jury confusion raised great doubt in understanding the deliberations instructions and was harmful to my hearing and new trial is the proper remedy. Furthermore, the amount awarded did not exceeded the damages, but instead the discretion of the judge was exceeded and not of the court. In addition, not only my seventh amendment is implicated but, also my fourteenth amendment right

and a new trial is necessary to merely resolve the injustice that has occurred.

4. I also believe that it is inappropriate that during trial Judge David S. Doty fell asleep and was inattentive. This, by itself, show that not only the jury misunderstood and misapplied the instructions but as well that the judge might have misunderstood and misapplied important argument and evidence during trial. And the best recourse of the law is trial by jury. A new trial cries for justice and fairness.

5. The absence of the Judge David S. Doty during deliberation of the jury was harmful to my case. Judge David S. Doty left or went out of town and left Judge Ann D. Montgomey to read the verdict for him. I believe that if Judge David S. Doty was there and then at the time when the verdict was read, he could have advice the jury that they had misunderstood and misapplied the instructions given to them. He could have returned the jury to make their correction and to continue deliberating if doubt still existed. In all confusion, misunderstanding, and misapplying rules and instruction are the key elements and an injustice has already been committed. New trial is the proper remedy.

6. Prejudicial impression was created against me and both rule 403 and rule 608 prohibited for such evidence and testimony to be presented. Due to the amount presented it created and change on its entirely the impression of my self image and could have not been avoided by the jury. Therefore, I kindly ask that a new trial be awarded so I can have an opportunity to present my case without prejudicial evidence presented against me for fairness and justice of the court.