**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **Jose Alonzo Corpus,** | **Case No.: CV 01-2060 DSD/SRN** |
| **Plaintiff,** | |
| **vs.** | **<u>PLAINTIFF'S MEMORANDUM OF LAW</u>** |
| **Tony Bennett,** | |
| **Defendant.** | |

**BACKGROUND**

Plaintiff filed this lawsuit pursuant to 42 USC §1983 alleging that Defendant County Jailer Tony Bennett violated his constitutional right to be free from excessive use of force. The matter was submitted to the jury by special verdict form after four days of trial testimony. The evidence presented to the jury included medical evidence from Dr. Vern Olmanson, the doctor who initially evaluated plaintiff for the LeSueur County Jail; medical records from the Owatonna Clinic of Plaintiff's visit to the Clinic three days after the incident which documented the bruising, scrapes and back pain complaints; medical records from the Faribault Clinic; the Orthopaedic & Fracture Clinic; the Low Back and Neck Institute; Noran Neurological Clinic; and records from Associates in Psychology and Psychiatry. Other medical evidence presented was the testimony of Dr. Gomez who treated Plaintiff at Noran Neurological Clinic and Dr. Vern Olmonson.

In addition, testimony from Plaintiff and Plaintiff's family members addressed the question of pain symptoms and psychological complaints and pain

and suffering. Medical bills related to various doctors' visits were also submitted to the jury.

The jury found by special verdict that Defendant Bennett did use excessive force on Plaintiff Corpus. (Special Verdict Form, Question 1). However, the jury also found that Defendant Bennett's conduct was not a direct cause of injury to Plaintiff Corpus. (Special Verdict Form, Question 2).

## DISCUSSION

### I: The Jury's Special Verdict Finding #2 is contrary to the evidence.

The unrebutted medical evidence clearly and unequivocally established Mr. Corpus suffered injury at the hands of the Defendant. The records from the Owatonna Clinic, along with the bills from the Owatonna Clinic, establish injury. The testimony from Dr. Gomez, the neurologist, clearly and unequivocally supported a causal connection between the herniated disc and the November 18, 1995 incident. The testimony of Defendant's doctor, Dr. Vern Olmanson, also supported a causal connection between the Plaintiff's subsequent back symptoms and the herniated disc and the November 18, 1995 incident. No medical evidence was submitted that contradicted a connection between the back injury suffered to Mr. Corpus and the incident. Even Dr. Olmanson conceded the nature of the incident was the type likely to cause a herniated disc and that a herniated disc would not likely show up immediately on x-ray or MRI, but would require several years to appear. The jury's finding of no direct cause is manifestly and palpably contrary to the evidence.

It was undisputed that the medical bills and visit to the Owatonna Clinic were related to the incident and yet the jury failed to find a connection. The

evidence submitted can support no finding other than that the herniated disc was related to the incident. In deciding whether to grant a new trial on the grounds that the verdict was against the weight of the evidence, the prevention of injustice is the overriding principle. **Leichihman v. Pickwick International,** 814 F. 2d, 1263, 1267 (8th Cir.). Cert. denied 484 U.S. 855, 108 S. Ct. 161, 98 L. Ed. 2d 116 (1987). The grant of a new trial may be ordered when the verdict is against the clear weight of the evidence.

The standard for granting a new trial is less stringent than for a judgment as a matter of law and a new trial shall be granted to prevent injustice or when the verdict strongly conflicts with the great weight of the evidence. **Maxwell v. J. Baker, Inc.,** 160 F.R.D. 580 D. Minn. 1995. The true standard for granting a new trial is simply one which measures the results in terms of whether a miscarriage of justice has occurred.

In the present case the court has, by its own motion, recognized that the jury misunderstood and misapplied the instructions on Question #3. The great weight of the medical evidence submitted in this case also supports the conclusion that the jury misunderstood and misapplied the instructions for Question #2. The most appropriate remedy with such demonstrated confusion by the jury is to grant a new trial. The unrebutted evidence establishes actual special and general damages. The jury's failure to get beyond Question #3, due to the layout of the special verdict form, creates an injustice whereby the Defendant gets an unfair windfall from the confusion. Thus a miscarriage of justice has occurred.

**II. Motion for Judgment as a matter of law as the uncontradicted medical evidence supports a causal connection.**

The medical evidence is uncontradicted regarding the medical care needed at the Owatonna Clinic and is undisputed. Further, the medical testimony of Dr. Gomez supporting a causal connection between the herniated disc and the incident is uncontradicted and is supported by the testimony of Dr. Olmanson, the Defendant's doctor. The Plaintiff moves the Court for a judgment as a matter of law regarding Question #2 on the special verdict form changing the answer from "no" to "yes" to conform the jury's answer to the evidence at trial. The evidence at trial is insufficient to support the jury's answer of "no" as noted above. The only possible result the jury could have reached on Question #2 is that "yes" the incident did cause Plaintiff's injuries. The appropriate remedy therefore, is to change the jury's answer from "no" to "yes" and to reinstate the $75,000.00 damages to conform to the true intent of the jury.

**III. Motion for a new trial because of the admission of prejudicial testimony.**

Defendant presented a significant amount of testimony, both through cross-examination and on direct evidence, regarding Plaintiff's other involvement with law enforcement officials. This testimony was offered by Defendant based on claims that it demonstrated Plaintiff retained functional abilities greater than that outlined in the medical records. The evidence presented, however, did not support or demonstrate any functional abilities as the Defendant claimed. The focus of the cross examination and the direct testimony of these extrinsic witnesses was focused more on the fact that the Plaintiff engaged in arguments, disputes, or altercations with law enforcement officials. Said testimony had no

bearing on the alleged reasons for presenting it, rather, it focused more on creating a prejudicial impression of the Plaintiff.

Plaintiff objected to the admission of this testimony and argued that both Rule 403 and Rule 608 prohibited such testimony. This testimony did not address functional ability, the basis for admitting it, but only focused in on creating a prejudicial impression. The testimony should have been prohibited. Because of the substantial amount presented, it could not be ignored by the jury and the prejudicial effect created an injustice and impaired the jury's ability to analyze the issues before it. Therefore, the proper remedy should be to grant a new trial allowing the Plaintiff an opportunity to have his case considered untainted by such prejudicial material.

**CONCLUSION**

The jury's confusion has already been recognized by this Court in granting remittitur. Such mistake by the jury in understanding the instructions raises grave doubt as to their understanding of the entire jury instruction, specifically, the instruction regarding causal connection and damages.

In light of the jury confusion already recognized by the Court, and the significant discrepancies between the jury's answer to Question #2 and the evidence, an injustice would be done to merely resolve the juror confusion by granting a remittitur. Fairness and justice calls for a new trial so that all parties are relieved from any harm caused by the jury confusion.

Dated: June 3, 2004.

**WALBRAN, FURNESS & LEUNING**

By:

Ross L. Leuning #198110
Attorney for Plaintiff

140 East Main St., PO Box 273
Owatonna, MN 55060
(507)451-1173