UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-2060(DSD/SRN)

Jose Alonzo Corpus,

Plaintiff,

v. **ORDER**

Tony Bennett,

Defendant.

Ross L. Leuning, Esq. and Walbran, Walbran, Furness & Leuning, 140 Main Street East, P.O. Box 273, Owatonna, MN 55060, counsel for plaintiff.

Jon K. Iverson, Esq., Jason J. Kuboushek, Esq. and Iverson & Reuvers, 230 Townline Office Plaza, 8585 78th Street West, Bloomington, MN 55438, counsel for defendant.

This matter is before the court on plaintiff's motion for new trial, or, in the alternative, for judgment as a matter of law. For the reasons that follow, the motion is denied.

## BACKGROUND

Plaintiff brought this action pursuant to 42 U.S.C. § 1983, seeking damages for injuries allegedly caused by defendant's excessive use of force during a jailhouse booking.[1] Following trial, the jury found by special verdict that defendant, a county

[1] The factual background is fully set forth in this court's order of February 13, 2003, granting in part and denying in part defendant's motion for summary judgment.

jailer, used excessive force during plaintiff's detention. The jury further found that defendant's wrongful acts were not the cause of plaintiff's alleged physical and emotional injuries. The jury awarded plaintiff no actual damages, but awarded nominal damages of $75,000. Finding a nominal damages award of $75,000 to be contrary to law, the court remitted the award to one dollar ($1.00). (Order of May 25, 2004.) Defendant now moves for new trial or, alternatively, for judgment as a matter of law.

## DISCUSSION

### I. Standards on Motions for New Trial and Judgment as a Matter of Law

On a motion for new trial alleging that the verdict is against the weight of the evidence, the court must consider whether the verdict is against the "clear" or "overwhelming" weight of the evidence. McBryde v. Carey Lumber Co., 819 F.2d 185, 189 (8th Cir. 1987) (quoting Goldsmith v. Diamond Shamrock Corp., 767 F.2d 411, 416 (8th Cir. 1985)). The court is to weigh the evidence to determine "whether the first trial resulted in a miscarriage of justice." Nelson v. Boatmen's Bancshares, Inc., 26 F.3d 796, 800 (8th Cir. 1994); McBryde, 819 F.2d at 189. Where a motion for new trial is based on an objection to an evidentiary ruling, "the court must determine [whether] the ruling was so prejudicial as to require a new trial which would likely produce a different result." O'Dell v. Hercules, Inc., 904 F.2d 1194, 1200 (8th Cir. 1990).

On motion for judgment as a matter of law, the court must determine whether the jury's verdict is supported by sufficient evidence. See White v. Pence, 961 F.2d 776, 779 (8th Cir. 1992). The court is not to weigh the evidence or make credibility determinations. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51 (2000). Rather, it must draw all reasonable inferences in favor of the non-moving party and should upset the verdict only if no reasonable jury could have reached that verdict. See id. at 150-51. The motion must be denied "unless all the evidence points one way and is susceptible of no reasonable inferences sustaining [the verdict]." Denesha v. Farmers Ins. Exch., 161 F.3d 491, 497 (8th Cir. 1998).

## II. Motion for New Trial

### A. The Weight of the Evidence

Plaintiff contends that the jury's finding that defendant's conduct was not the cause of his injuries is contrary to the evidence. (Pl.'s Mot. New Trial ¶ 1.) Plaintiff cites medical bills and other records that establish plaintiff's back problems. They do not, however, prove that defendant's use of force caused those injuries. Applying the standard for motions for new trial, the court finds that the verdict was not contrary to the "great weight" of the evidence. McBryde, 819 F.2d at 189. The evidence indicated several other possible causes of plaintiff's back problems. Among them were degenerative disease or defect,

plaintiff's work history and other, unrelated physical altercations with law enforcement officers. The same is true of plaintiff's claims of emotional harm. He testified on cross-examination that he had made claims of emotional distress against other defendants in several unrelated lawsuits. Weighing the evidence adduced at trial, the court cannot conclude that there has been a miscarriage of justice requiring a new trial.[2] See id. at 189.

**B. Evidentiary Rulings**

Plaintiff contends that "[t]he admission of testimony regarding [his] other involvement with law enforcement was unduly prejudicial and impaired the jury's ability to analyze the issues before it...." (Pl.'s Mot. New Trial ¶ 3.) He objects to its admission, claiming that defendant introduced the evidence "based on claims that it demonstrated Plaintiff retained functional abilities greater than that outlined in the medical records. The evidence presented, however, did not support or demonstrate any

[2] Plaintiff also states, "[t]he jury's failure to get beyond Question #3, due to the layout of the special verdict form, creates an injustice whereby the defendant gets an unfair windfall from the confusion." (Pl.'s Mem. Supp. Mot. New Trial at 4.) Despite ample opportunities, plaintiff did not object to the special verdict form at the charge conference or during the court's charge to the jury. Thus, the objection is waived. See Kostelecky v. NL Acme Tool/NL Indus., Inc., 837 F.2d 828, 832 n.3 (8th Cir. 1988) (citing Fed. R. Civ. P. 51). Moreover, there is no support for plaintiff's assertion that the jurors were confused about his burden of proof on the element of causation.

functional abilities as the Defendant claimed." (Pl.'s Mem. Supp. Mot. New Trial at 5.) The court disagrees with plaintiff's assertion.

The fact that defendant has been involved in strikingly similar physical altercations with law enforcement officers and has alleged similar injuries as a result is relevant to both causation and credibility. Defendant was entitled to show that some or all of plaintiff's alleged injuries could have been caused by events unrelated to defendant's conduct. Defendant was also entitled to challenge plaintiff's credibility by showing he had alleged others had caused some of the same harms he attributed to defendant. Finally, defendant was entitled to show the jury that despite his claims of disability, plaintiff had been able to physically resist arrest.

Evidence is often unfavorable to one party or another in a lawsuit. The rules of evidence permit the exclusion of otherwise relevant evidence where "its *probative value* is *substantially outweighed* by the danger of *unfair* prejudice...." Fed. R. Evid. 403 (emphasis added). Because there was nothing unfair about the admission of this relevant and probative evidence, it was properly admitted. Accordingly, it is unlikely that a new trial would produce a different result. <u>See</u> <u>O'Dell</u>, 904 F.2d at 1200. The motion for new trial is therefore denied.

**III. Motion for Judgment as a Matter of Law**

Plaintiff alleges that "[t]he uncontradicted medical evidence supports a causal connection between the November 18, 1995 incident and the subsequent back care treatment and a judgment as a matter of law setting aside the jury's answer ... is the proper remedy. (Pl.'s Mot. New Trial ¶ 2.) The court has already identified just some of the evidence casting doubt upon the alleged causal connection. Because it cannot be fairly said that "all the evidence points one way and is susceptible of no reasonable inferences supporting [the verdict]," judgment as a matter of law is inappropriate. Denesha, 161 F.3d at 497.

**CONCLUSION**

Based on the file, record and proceedings herein, and for the reasons stated, **IT IS HEREBY ORDERED** that plaintiff's motion for new trial, or in the alternative, for judgment as a matter of law [Doc. No. 57], is denied.

Dated: July 22, 2004

s/David S. Doty
David S. Doty, Judge
United States District Court