# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

---

No. 04-2603

---

| | | |
|---|---|---|
| Jose Alonzo Corpus, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Tony Bennett, | * | |
| | * | |
| Appellee. | * | |
| | * | |

---

Submitted: September 16, 2005
Filed: December 7, 2005

---

Before MURPHY, BRIGHT, and GRUENDER, Circuit Judges.

---

GRUENDER, Circuit Judge.

A jury found for Jose Alonzo Corpus on his 42 U.S.C. § 1983 claim for the use of excessive force during pretrial detention and awarded him $75,000 in "nominal" damages. Corpus appeals the ruling of the district court[1] reducing the nominal damages award to one dollar. For the reasons discussed below, we affirm the judgment of the district court.

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

SCANNED
FEB 21 2006
U.S. DISTRICT COURT MPLS

## I. BACKGROUND

On November 18, 1995, Jose Alonzo Corpus was stopped by a Minnesota State Patrol Officer for speeding. A records check revealed an outstanding warrant, and Corpus was arrested and transported to the LeSueur County Jail. Corpus was seated at the desk of Jailer Tony Bennett for the booking process. As Bennett inventoried Corpus's personal belongings, Corpus and Bennett exchanged words. Bennett then reached over the desk and hit Corpus on the top of his head. Corpus responded by throwing a heavy set of keys at Bennett, and a brief scuffle ensued in which Bennett pushed Corpus into a wall and both men fell to the floor. Corpus then returned to his chair. Bennett completed the booking process and apologized for losing his temper. Corpus was held at the jail until a court appearance on Monday, November 20, 1995. At the court appearance, Corpus stated that he had been assaulted by Bennett. An investigator immediately interviewed Corpus. After the interview, Corpus was taken to a local clinic for a medical examination. The examining physician found no serious injury and ordered no treatment.

Corpus attempted to file suit against Bennett, LeSueur County and the LeSueur County sheriff in September 2000 in federal district court, alleging civil rights violations under 42 U.S.C. § 1983 and state tort claims of assault, battery and intentional infliction of emotional distress. The district court found that the complaint stated constitutional claims against only LeSueur County and granted summary judgment to LeSueur County on those claims.[2] Corpus refiled the claims against Bennett in his individual capacity in November 2001, and the district court recognized a properly stated § 1983 claim based on Corpus's Fourth Amendment right to be free of excessive force during pretrial detention. That claim proceeded to jury trial in May 2004.

---

[2]*Corpus v. Bennett*, No. 00-2060 (D. Minn. Dec. 12, 2001), *aff'd* 50 Fed. Appx. 801 (8th Cir. 2002) (unpub.).

Jury Instruction No. 27, to which Corpus did not object, stated: "If you find that plaintiff is entitled to a verdict in accordance with these instructions, but do not find that the plaintiff has sustained substantial damages, then you may return a verdict for plaintiff in some nominal sum such as one dollar." In addition, the jury was provided with a special verdict form[3] to which Corpus also did not object.

---

[3]The special verdict form read as follows:

> 1. Did defendant Tony Bennett use excessive force upon plaintiff Jose Corpus on November 18, 1995?
>
> . . .
>
> 2. If your answer to Question No. 1 was "yes," then answer this question: Was the use of excessive force by defendant Tony Bennett a direct cause of injuries to plaintiff Jose Corpus?
>
> Note: If you answered "yes" to Question 2, please skip Question 3 and proceed to Question 4. If you answered "no" to Question 2, please answer Question 3.
>
> 3. If defendant Tony Bennett's use of excessive force was not a direct cause of substantial injuries to plaintiff Jose Corpus, what nominal sum of money will fairly and adequately compensate plaintiff Jose Corpus for the deprivation of his constitutional rights?
>
> Note: If you answered Question 3, do not answer Question 4 and 5. . . .
>
> 4. If you answered "yes" to Question 2, what sum of money will fairly and adequately compensate plaintiff Jose Corpus for the injuries he claims to have sustained on November 18, 1995, up through the date of trial, for:
>
> (a) past pain, disability and emotional distress?
> (b) past medical expenses?
> (c) past lost wages?

The jury answered "yes" to Question 1 and "no" to Question 2 on the special verdict form, thereby making a finding that Bennett used excessive force but that this force was not a direct cause of any injury to Corpus. Accordingly, the jury left blank Questions 4 and 5 regarding actual damages. However, in Question 3, the jury entered $75,000 as the "nominal" sum of money that would fairly compensate Corpus for the deprivation of his constitutional rights. The district court *sua sponte* reduced the award of nominal damages to one dollar and entered judgment. Corpus's motion for a new trial or judgment as a matter of law, which challenged the admission of certain evidence of Corpus's past acts and asserted that the jury's finding of no injury was contrary to the evidence, was denied. Corpus appeals, arguing that the district court erred in reducing the $75,000 damages award and in not offering him a choice between a new trial on damages or a reduced damages award.

## II. DISCUSSION

The district court did not exercise its discretion to reduce the $75,000 damages award based on any finding that the amount was unsupported by the facts. Rather, the district court ruled that, due to the jury's finding that Bennett's use of excessive force was not a direct cause of injury to Corpus, the jury's "nominal" damages award must be reduced to a legally nominal sum as a matter of law. We review the district court's ruling on this question of law de novo. *Cf. Ross v. Kansas City Power &*

---

5. What sum of money will fairly and adequately compensate plaintiff Jose Corpus for the injuries he claims to have sustained on November 18, 1995, for such future damages as are reasonably certain to occur:

(a) future pain, disability and emotional distress?
(b) future medical expenses?
(c) lost earning capacity?

*Light Co.*, 293 F.3d 1041, 1048 (8th Cir. 2002) (reviewing de novo the district court's determination of the constitutionality of a punitive damages award).

Corpus first argues that the jury's award of substantial "nominal" damages on the special verdict form was inconsistent with its special finding of no direct injury.[4] "Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way." *Lockard v. Missouri Pac. R.R. Co.*, 894 F.2d 299, 305 (8th Cir. 1990) (quoting *Gallick v. Baltimore & Ohio R.R. Co.*, 372 U.S. 108, 119 (1963)). In this case, the jury answered "no" to Question 2 on the special verdict form, "Was the use of excessive force by defendant Tony Bennett a direct cause of injuries to plaintiff Jose Corpus?" This is an unambiguous finding that Corpus suffered no compensable injuries at the hands of Bennett. Next, in response to Question 3 on the special verdict form—"If defendant Tony Bennett's use of excessive force was not a direct cause of substantial injuries to plaintiff Jose Corpus, what nominal sum of money will fairly and adequately compensate plaintiff Jose Corpus for the deprivation of his constitutional rights?"—the jury entered $75,000. The introductory clause to Question 3 itself presupposes that Corpus suffered no compensable injuries at the hands of Bennett. Finally, the jury entered no amount for Questions 4 and 5 concerning actual damages caused by Bennett. The jury's answers on the special verdict form are consistent if they are read to find no actual injury to Corpus but to award $75,000 to compensate Corpus for the deprivation of his constitutional rights in the absence of actual injury. The district

---

[4]Corpus did not raise the claim of inconsistent verdicts before the district court. A party waives a claim of inconsistent answers on a special verdict form by failing to raise it in district court before the jury is discharged. *Dairy Farmers of Am., Inc. v. Travelers Ins. Co.*, 391 F.3d 936, 945 (8th Cir. 2004). There is some question in this case, however, whether Corpus had an opportunity to object before the jury was discharged. Therefore, we assume without deciding that the argument was preserved, and we address it on the merits.

court did not err in resolving the jury's answers to the special interrogatories in this consistent fashion.[5]

Nor did the district court err in reducing the damages award to a nominal sum. "[W]hatever the constitutional basis for § 1983 liability, such damages must always be designed 'to *compensate injuries* caused by the [constitutional] deprivation.'" *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 309 (1986) (quoting *Carey v. Piphus*, 435 U.S. 247, 265 (1978)) (emphasis and second set of brackets in *Stachura*). Because the jury unambiguously found that Bennett's use of excessive force caused no direct injury to Corpus, an award of substantial damages cannot be permitted in this case. Instead, nominal damages are the appropriate means "to vindicate constitutional rights whose deprivation has not caused an actual, provable injury." *Westcott v. Crinklaw*, 133 F.3d 658, 662 (8th Cir. 1998). Despite an instruction that any nominal damages should be awarded in a "sum such as one dollar," the jury decided that, in the absence of actual damages, $75,000 would be appropriate to vindicate Corpus's constitutional rights. Therefore, the district court had a duty to make the nominal damages award conform to the law. *Cf. Ross*, 293 F.3d at 1049 ("[A] court has a mandatory duty to correct an unconstitutionally excessive verdict so that it conforms to the requirements of the due process clause.") (quoting *Johansen v. Combustion Eng'g, Inc.*, 170 F.3d 1320, 1331 (11th Cir. 1999)). Finally, one dollar is recognized as an appropriate value for nominal damages. *See, e.g.*, *Risdal v. Halford*, 209 F.3d 1071, 1073 (8th Cir. 2000) (instructing the district court to award one dollar in

---

[5]The dissent cites two cases in which resubmission to the jury was necessary because the jury failed to make findings of fact required by the jury instructions. *See Firemen's Ins. Co. v. Craigie*, 298 F.2d 457, 458-59 (8th Cir. 1962) (resubmitting the case to the jury where the jury found for the plaintiff but failed to calculate and award "the reasonable value of [the insured dwelling's] contents plus reasonable added living expenses incurred" as required by the insurance contract); *Rios v. Empresas Lineas Maritimas Argentinas*, 575 F.2d 986, 990 (1st Cir. 1978) (resubmitting the case to the jury where the jury failed to make a finding of fact on a third-party indemnity claim). In the instant case, however, the jury made every finding of fact called for by the instructions.

nominal damages where a jury found for the § 1983 plaintiff but found no actual damages). The district court did not err in reducing the nominal damages award to one dollar.

We next address Corpus's contention that the district court erred in not offering him a choice between a new trial on damages or a reduced damages award. "The decision to order remittitur is circumscribed by the Seventh Amendment" right to a jury trial. *Thorne v. Welk Inv., Inc.*, 197 F.3d 1205, 1212 (8th Cir. 1999). However, although the wording of the district court's order in this case "remits" the damages award to one dollar, the order was not technically a remittitur. We have contrasted remittitur with a reduction of damages to conform with the applicable law in the context of the reduction of punitive damages awards to comport with due process:

> A remittitur is a substitution of the court's judgment for that of the jury regarding the appropriate award of damages. The court orders a remittitur when it believes the jury's award is *unreasonable* on the facts. A constitutional reduction, on the other hand, is a determination that the law does not permit the award. Unlike a remittitur, which is discretionary with the court . . . a court has a mandatory duty to correct an unconstitutionally excessive verdict so that it conforms to the requirements of the due process clause.

*Ross*, 293 F.3d at 1049 (quoting *Johansen*, 170 F.3d at 1331) (emphasis in *Johansen*).

Here, the district court did not substitute its own evaluation of the evidence regarding damages for the jury's factual findings. Instead, the district court made "a determination that the law does not permit the award," *id.*, and followed its duty to reduce the nominal damages award to conform with the law. Therefore, Corpus's Seventh Amendment right to a jury trial was not implicated, and the district court was not required to offer Corpus the option of a new trial on damages if he did not consent to the reduced damages award. *Ross*, 293 F.3d at 1049-50.

## III. CONCLUSION

We conclude that the district court did not err in reducing the $75,000 nominal damages award to the nominal amount of one dollar nor in not offering Corpus a choice between a new trial on damages or a reduced damages award. Therefore, we affirm the judgment of the district court.

BRIGHT, Circuit Judge, dissenting.

I respectfully dissent. Corpus testified that Bennett's excessive force consisted of Bennett striking him on the head with a closed fist, then ramming his knee into Corpus's stomach, jams "like lightening" causing "a sharp pain." During an interview conducted two days later by Deputy Tietz, Corpus complained of scratches on his stomach, bruises in his groin area, and back pain. The initial physician's report reflected lower abdominal and back strain. Corpus's sister and wife observed that following the incident Corpus changed completely. He led a less active lifestyle, lost a job, and complained of flashbacks, nightmares, and humiliation. He suffered from headaches and he testified that his back pain intensified. He tried physical therapy, saw various doctors, and eventually he received a diagnosis of a herniated disc.

While the defense presented evidence and argued other possible causes for Corpus's physical, emotional, and employment problems, the jury's substantial award of $75,000 suggests an intention to compensate actual injuries that conflicts with its finding that "Bennett's use of excessive force was not a direct cause of substantial injuries to plaintiff Jose Corpus." The jury's verdict also conflicts with the district court's instruction on nominal damages as limited to "some nominal sum such as one dollar."

It is obvious that the jury did not follow the district court's instructions and had the trial judge who charged the jury been available to receive the verdict these conflicts may have been clarified. But, in fact, a different judge accepted the verdict,

commenting: "Obviously I don't know much about it[,] but I'm guessing you paid careful attention . . . . I have to go back to my courtroom and back to trial." The jury was then discharged without clarifying the uncertainty surrounding its verdict answers, and it appears counsel did not receive an opportunity to inspect the verdict and object to the inconsistency.

Corpus in his appellant's brief argues that "[t]o the extent there was a conflict–between a finding [of] no compensatory damages and $75,000.00 in nominal damages," the district court should have returned the jury for further deliberations or granted a new trial. *See Auwood v. Harry Brandt Booking Office, Inc.*, 850 F.2d 884, 890-91 (2d Cir. 1988). In his conclusion, Corpus asked "in the alternative, he be given a new trial." Further, because Corpus argues the greater relief of judgment in his favor for $75,000, this court may consider the more limited relief of remand for a new trial. *See Haynes v. United States*, 390 U.S. 85, 101 (1968) ("[A]uthority under 28 U.S.C. § 2106 [exists] to make such disposition of the case 'as may be just under the circumstances.'"); *First Wis. Nat'l Bank of Rice Lake v. Klapmeier*, 526 F.2d 77, 80 (8th Cir. 1975) ("The parties have not argued the issue in this manner in this court. . . . Nonetheless, we feel the right to trial by jury is so fundamental that . . . . [w]e order a new trial . . . .").

The majority reasons that "[t]he jury's answers on the special verdict form are consistent if they are read to find no actual injury to Corpus but to award $75,000 to compensate Corpus for the deprivation of his constitutional rights in the absence of actual injury." Slip Op. at 5. However, the law requires consistency in light of both the interrogatories and the jury instructions, which precluded compensating Corpus for the value of the constitutional deprivation beyond a "nominal sum such as one dollar." *Gallick v. Baltimore & Ohio R.R.*, 372 U.S. 108, 119-22 (1963) (determining the consistency of the jury's answers in light of the jury instructions); *Firemen's Ins. Co. of Newark, N.J. v. Craigie*, 298 F.2d 457, 457-59 (8th Cir. 1962) (where insurance policy covered $75,000 for value of house, $30,000 for its contents, and $15,000 for post-fire living expenses, initial verdict of $75,000 "obviously could not legally have

been sustained" and trial judge properly reinstructed the jury that if it decided to find for plaintiffs, it also had to award for contents and living expenses); *Rios v. Empresas Lineas Martimas Argentinas*, 575 F.2d 986, 990 (1st Cir. 1978) ("When the jury returned the first verdict, which was directly contrary to instructions given by the court, the trial court properly instructed the jury that it had to decide as between Lineas and Fred Imbert on the third party complaint. Resubmitting the case to the jury with renewed instructions has been held proper where the jury has failed to follow the court's instructions in returning a verdict.").

The decision reached in this case fails to give proper accord to the Seventh Amendment right to trial by jury. "Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Dimick v. Schiedt*, 293 U.S. 474, 486 (1935). "[A] view of the case which will make the jury's finding[s] inconsistent results in a collision with the Seventh Amendment." *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 364 (1962).

I agree with the several courts of appeal which have considered verdicts awarding substantial damages labeled as "nominal" and recognized the need to remand when the fact-finder's intent is unclear. *Auwood*, 850 F.2d at 891-92 ("If in fact there had been an interrogatory asking whether plaintiffs had proven any damages and the jury answered 'no,' that answer would have been inconsistent with the answers specifying dollar amounts of damage [labeled as NOMINAL]. . . . Had such an irreconcilable inconsistency existed, the court should have granted a new trial as to damages."); *Magnett v. Pelletier*, 488 F.2d 33, 35 (1st Cir. 1973) (per curiam) (holding that award of $500 in "nominal damages" in Section 1983 action "cannot be properly regarded as nominal damages" but "[s]ince it is conceivable that the court misspoke itself, fairness dictates a remand for further findings or articulation . . . ."). Of course where the record shows no damages, as in *United States ex rel. Tyrell v. Speaker*, 535 F.2d 823, 829 & n.13 (3d Cir. 1976), a trial court is justified in reducing

an award of $500 damages to a nominal amount such as one dollar.

The risk here is more than remote that the district court disregarded a jury finding of $75,000 in damages, at least some of which compensated for actual injuries, when it reduced the "nominal damages" award to one dollar. Corpus presented evidence of substantial injuries and the jury returned a very substantial award contrary to its finding under interrogatory two of no substantial injuries. The jury may have decided to award a lump sum instead of deliberating on an itemized award under interrogatories four and five. All that can be said with any confidence from this record is that the jury did not follow the district court's instructions. For these reasons, I would reverse and remand for a new trial.

---

TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans